UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE M COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>FELITA B CASTANEDA, et al.,<br><br>Defendants. | Case No. 18-cv-05820-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket No. 10 |

Plaintiff Suzanne Coleman brought an unlawful detainer action against Defendants Felita and Isidro Castaneda on April 11, 2018 in the Superior Court of California, County of Alameda, asserting that Defendants have continued to occupy a property that Plaintiff owns pursuant to a foreclosure sale. *See* Docket No. 1 at 5–7. On September 21, 2018, Defendants removed the case to this Court "based on the Protecting Tenants at Foreclosure Act" of 2009. *See id.* Pending before the Court is Plaintiff's motion to remand this case to state court. *See* Docket No. 10. Defendants have not filed a response to the motion.

Because Plaintiff's well-pleaded complaint does not present a federal question, and because Defendants' notice of removal was untimely filed, the motion to remand is **GRANTED**.

## I. DISCUSSION

A. Legal Standard

Removal of a state court case to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. As the Ninth Circuit has explained:

> Federal courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331. To determine whether an action arises under

> federal law, a court applies the 'well-pleaded complaint rule.' *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir.1998) (quoting *Metro. Life. Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Under this rule, a claim arises under federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir.2005).

*Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). A case must be remanded to the state court if it appears at any time before final judgment that the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas*, 553 F.3d at 1244 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

B. <u>Analysis</u>

Remand of this case is required for two reasons. First, Defendants did not timely remove. The relevant removal statute directs that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Plaintiff filed her complaint in state court on April 11, 2018. *See* Docket No. 1 at 3. Defendants did not file their notice of removal until September 21, 2018, more than five months later. *See id.* at 1–2. As Plaintiff points out, Defendants filed a motion to quash the complaint in state court on April 30, 2018, indicating that they received the complaint no later than that date. *See* Docket No. 10 at 6. The notice of removal was thus untimely. *See IDA 1 Inc. v. Chen*, No. C-13-02355-RMW, 2013 WL 2458405, at *1 (N.D. Cal. June 6, 2013) (ruling that remand was warranted because "Defendants filed a notice of removal twenty days after the statutory deadline had passed, offering no explanation for the late filing").

Second, Plaintiff's complaint does not present a federal question. The complaint asserts an unlawful detainer claim solely under California Code of Civil Procedure § 1161a. *See* Docket No. 1 at 5–7. Such a claim "does not raise any embedded federal question." *IDA 1 Inc. v. Chen*, No. C-13-02355-RMW, 2013 WL 2458405, at *1 (N.D. Cal. June 6, 2013) (citations omitted); *see*

*also Fed. Home Loan Mortg. Corp. v. Lee*, No. 2:12-CV-00867 JAM, 2012 WL 1657736, at *3 (E.D. Cal. May 10, 2012) (collecting cases holding that unlawful detainer actions premised on California law do not present a federal question or necessarily turn on the construction of federal law).

Defendants argue that the Court has federal question jurisdiction over the case on the basis that they are "being denied [their] rights under the [Protecting Tenants at Foreclosure Act ("PTFA")] because plaintiff seeks to evict [them] before the termination of [their] lease agreement." Docket No. 1 at 1–2. The PTFA "provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants." *Fed. Home Loan Mortg. Corp.*, 2012 WL 1657736, at *3. But even assuming that the PTFA applies to Defendants, "federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act," because such arguments function as "a defense or a counterclaim." *Id.* at *4 (collecting cases). It is well-settled that anticipated defenses or counterclaims cannot establish a federal question because they do not appear on the face of the well-pleaded complaint. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"). This Court thus does not have original subject matter jurisdiction over the complaint.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand the case to the Superior Court of California is **GRANTED**.

This order disposes of Docket No. 10.

**IT IS SO ORDERED**.

Dated: October 24, 2018

_____
EDWARD M. CHEN
United States District Judge

3